IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


WESLEY GREENWOOD,                                    05-CV-0058-BR

            Plaintiff,                               OPINION AND ORDER

v.

TILLAMOOK COUNTY,

            Defendant.


**DANIEL W. DICKERSON**
**MATTHEW A. ARBAUGH**
Daniel W. Dickerson, P.C.
918 Oregon National Building
610 S.W. Alder
Portland, OR  97205
(503) 274-2924

            Attorneys for Plaintiff

**JAMES P. MARTIN**
**KARI A. FURNANZ**
Hoffman, Hart & Wagner, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, OR  97205
(503) 222-4499

       Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on Defendant's Motion for Summary Judgment (#24).

     Plaintiff Wesley Greenwood filed this Complaint against Defendant Tillamook County, his former employer, on January 14, 2005.  Plaintiff brings six claims against Defendant:  1) federal equal-protection violations, 2) intentional interference with economic relations, 3) intentional interference with contractual relations, 4) intentional interference with employment, 5) intentional infliction of emotional distress, and 6) slander *per se*.

     On July 20, 2006, the Court heard oral argument on Defendant's Motion for Summary Judgment and Defendant's Motion to Strike (#48) evidence submitted in Plaintiff's Response.  The Court denied Defendant's Motion to Strike, took under advisement Defendant's Motion for Summary Judgment as to Plaintiff's state-law claims (Claims Two through Six), and permitted the parties to file supplemental briefing on Defendant's Motion for Summary

2 - OPINION AND ORDER

Judgment as to Plaintiff's claim under 42 U.S.C. § 1983 (Claim One).  The Court will take under advisement Defendant's Motion as to Plaintiff's § 1983 claim on August 25, 2006.  Thus, this Opinion and Order resolves only Defendant's Motion for Summary Judgment as to Plaintiff's state-law claims.

For the following reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (#24) as to Plaintiff's Claims Five and Six; **DENIES** Defendant's Motion as to Plaintiff's Claims Two, Three, and Four; and, on its own motion, directs Plaintiff to consolidate Claims Two, Three, and Four into a single claim when the parties present their proposed Pretrial Order to the Court.


## BACKGROUND

Plaintiff was employed by Defendant as an Environmental Program Manager in the Department of Community Development (Department).  Defendant terminated Plaintiff on December 12, 2003, for sexually harassing a co-worker.  Plaintiff previously filed a lawsuit in the Circuit Court of Tillamook County against Defendant and several individual employees arising from his termination.  The case was removed to this Court on June 7, 2004.  *See* No. CV 04-773-BR (Greenwood I).  The Court, however, granted summary judgment to the defendants and dismissed Plaintiff's claims in Greenwood I on July 26, 2005.

Plaintiff was self-employed for a short time after Defendant

3 - OPINION AND ORDER

terminated him.  In April 2004, Plaintiff began working for
Environmental Management Systems, Inc. (EMS) as a geologist and
evaluated septic services for EMS clients.  Plaintiff's work
required him to interact with Defendant's employees at the
Department because Plaintiff's job responsibilities included
submitting permit applications to the Department and viewing
documents on file at the Department regarding parcels of land in
Tillamook County.

Defendant asserts it received complaints from three
employees about Plaintiff's behavior while he was at the
Department conducting business for EMS.  The complaints included
allegations that Plaintiff was quick to anger and confronted
Defendant's employees.  In an attempt to avoid potential
confrontations and to address the concerns of its employees,
Defendant, through Human Resources Director Craig Schwinck, sent
Plaintiff a letter on December 30, 2004, requesting that he
schedule visits to the Department in advance either in writing or
by telephone so the files and/or the staff necessary for him to
conduct his business would be prepared when Plaintiff arrived.
In the letter, Defendant stated:

> Tillamook County recognizes and respects your
> right to exercise your First Amendment rights
> pursuing litigation, engaging in your
> vocation, and conducting business with
> Tillamook County.  However, the County is
> also obligated to provide its current
> employees with a workplace free from
> harassment and disruption.  County employees

have complained on several occasions that
your behavior when conducting business with
the Department of Community Development has
been inappropriate.  Employees have become
upset and distressed when you have addressed
them in an aggressive and confrontational
manner.  Although the County does not want to
prevent you from performing business for your
clients, the County must protect its
employees from this unnecessary harassment.
The County's goal is to appropriately balance
your rights, which are not unlimited, with
the rights of its employees.  To that end, I
am writing to request your cooperation and
professionalism in exercising appropriate
behavior and communication while on County
property by adhering to the following
requirements:

    1.    When you need to conduct business
in the Department of Community
Development, please schedule an
appointment in advance in writing
or by telephone.

    2.    When scheduling an appointment,
please indicate the nature of your
business so that staff can have all
necessary files and information
prepared for your appointment.
Please also indicate whether you
will need space within the
courthouse to conduct your business
so this may also be arranged in
advance.

    3.    Should you need to meet with
department personnel, please
identify the staff members with
whom you wish to meet and the
nature of the business to be
discussed.

Thank you very much for your professionalism.

Plaintiff denies he acted inappropriately at the Department.

Plaintiff asserts Defendant retaliated against him for filing the

Greenwood I lawsuit as evidenced by the fact that Defendant has

not restricted access to the Department to other individuals who

5 - OPINION AND ORDER

have allegedly acted inappropriately.  Since Defendant's December
30, 2004, letter, Plaintiff has not attempted to conduct business
at the Department.

In addition, Plaintiff contends Defendant processed his
permit requests more slowly and with more intense scrutiny than
other submissions.  According to Plaintiff, Defendant also
repeatedly contacted EMS when it discovered a discrepancy in the
permit submissions or when a question arose as to information
contained in applications and reports filed by Plaintiff even
though it would have been more appropriate to contact Plaintiff
directly.  Finally, Plaintiff asserts Defendant informed an EMS
client as well as the Oregon Department of Environmental Quality
(DEQ) that Plaintiff was unfit to continue his job
responsibilities.

Plaintiff alleges Defendant's actions affected Plaintiff's
right to earn a living by restricting his access to the
Department, interfered with his employment, intentionally
inflicted emotional distress, and defamed him.


## STANDARDS

Fed. R. Civ. P. 56(c) authorizes summary judgment if no
genuine issue exists regarding any material fact and the moving
party is entitled to judgment as a matter of law.  The moving
party must show the absence of an issue of material fact.  *Leisek*

6 - OPINION AND ORDER

*v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial.  *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id.*  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. West Fin.*, 381 F.3d 948 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No.1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required.  *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material.  *Addisu v. Fred Meyer,*

7 - OPINION AND ORDER

*Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).


<u>**DISCUSSION**</u>

**I.    <u>Interference Claims (Claims Two, Three, and Four)</u>**

Plaintiff brings three interference claims:  Claim Two, intentional interference with economic relations; Claim Three, intentional interference with contractual relations; and Claim Four, intentional interference with employment.  To prove these Claims, the following elements are required:

> 1) the existence of a professional or business relationship (which could be a contract or a reasonable expectancy of prospective economic advantage),
>
> 2) intentional interference with the relationship,
>
> 3) by a third party,
>
> 4) accomplished through improper means or for an improper purpose,
>
> 5) a causal effect between the interference and damage to the economic relationship, and
>
> 6) damages.

*McGanty v. Staudenraus*, 321 Or. 532, 535 (1995).  Defendant argues Plaintiff's interference claims cannot survive because

Plaintiff cannot establish an intent to interfere (element 2), an improper purpose or means (element 4), or damages (element 6).

###    A.    Intent to Interfere

To be actionable, the interference must be knowing and not an inadvertent or accidental invasion of a plaintiff's interests. *Wampler v. Palmerton*, 250 Or. 65, 73 (1968).  There must be proof "defendant knows that interference is substantially certain to occur from its action."  *Aylett v. Universal Frozen Foods Co.*, 124 Or. App. 146, 152 (1993).  Incidental interference is not actionable.  *Empire Fire & Marine Ins. Co. v. Fremont Indem. Co.*, 90 Or. App. 56, 63 (1988).

Plaintiff presents evidence that access to the Department was vital to his job; that Defendant restricted Plaintiff's access to the Department through its December 30, 2004, letter; that one of EMS's clients who had retained Plaintiff as a geologist was advised by the Director of the Department, William Campbell, that they should seek out and retain the services of a geologist other than Plaintiff; and that Mr. Campbell contacted DEQ and commented about feeling threatened by Plaintiff.

In response, Defendant contends its actions were an attempt to balance the needs of its employees who complained about Plaintiff's behavior against Plaintiff's interests in accessing the Department.  Defendant asserts Plaintiff merely speculates as to Defendant's intent to interfere with Plaintiff's economic

interests.  In the light most favorable to Plaintiff, however, a rational juror could find Defendant knowingly intended to limit Plaintiff's contact with the Department and its employees through its December 30, 2004, letter as well as its contact with EMS's client and DEQ.

For purposes of Defendant's summary-judgment motion, therefore, the Court concludes Plaintiff has provided sufficient evidence to show that a genuine issue of material fact exists as to whether Defendant intentionally interfered with Plaintiff's economic relations, contractual relations, and employment.

**B.    Improper Purpose or Means**

To establish a claim for interference, a Plaintiff also must show "interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself." *N.W. Natural Gas Co. v. Chase Gardens, Inc.*, 328 Or. 487, 498 (1999) (quoting *Top Serv. Body Shop, Inc. v. Allstate Ins. Co.*, 283 Or. 201, 209-10 (1978)).  The "[d]efendant's liability may arise from improper motives or from the use of improper means." *Id.*  These motives or reasons may be wrongful under a statute or other regulation, a recognized rule of common law, or even an established standard of a trade or profession. *Id.*

To reach a jury as to this element, a plaintiff must show the defendant had a duty of noninterference and, nonetheless, the defendant intentionally interfered with the plaintiff's business

10 - OPINION AND ORDER

relationship. *Id.* "Thus, if liability in tort is to be based on the actor's purpose, then the purpose must be to inflict injury on the plaintiff . . . ." *Id.* If, however, "liability in tort is based on an actor's means, then the means must violate some objective, identifiable standard . . . ." *Id.* "The burden of proof rests with a plaintiff to show both that a defendant intentionally interfered with the plaintiff's economic relationship and that the defendant had no privilege to do so." *Id.* at 498-99.

Plaintiff argues Defendant had both an improper purpose and used improper means to interfere with Plaintiff's economic relations. In particular, Plaintiff contends Defendant restricted Plaintiff's access to the Department in retaliation for Plaintiff's filing of the Greenwood I complaint even though Plaintiff's access was vital to his job. According to Plaintiff, Defendant also retaliated by contacting EMS, EMS's client, and DEQ to comment on Plaintiff's competence and conduct.

Defendant, however, denies any improper purpose or means for interfering with Plaintiff's job. Instead Defendant contends its actions were merely a reasonable response to Plaintiff's inappropriate behavior toward Defendant's employees in an effort to protect its employees from further harassment or intimidation by Plaintiff.

11 - OPINION AND ORDER

Although Defendant's purpose and means in restricting Plaintiff's access to the Department as set out in its December 30, 2004, letter appears to be a facially proper response to Plaintiff's alleged inappropriate behavior, Plaintiff provides minimally sufficient evidence to establish an issue of material fact exists as to whether Defendant had a proper purpose and/or means for contacting EMS, EMS's client, and DEQ to discuss Plaintiff's competence and conduct.

For purposes of Defendant's summary-judgment motion, therefore, the Court concludes Plaintiff has provided sufficient evidence to show that a genuine issue of material fact exists as to whether Defendant had an improper purpose or means for Plaintiff's intentional interference claims.

**C.    Damages**

As noted, to establish a claim of intentional interference, Plaintiff also must show he suffered damages.  Plaintiff presented evidence that he lost business after Defendant advised EMS's client not to use Plaintiff's services, and EMS acknowledges Plaintiff lost potential bonuses associated with work related to this client as well as other remuneration appropriate for Plaintiff's level of experience.

The Court, therefore, concludes for purposes of summary judgment that Plaintiff has presented sufficient evidence to show he suffered some economic damages as a result of Defendant's

12 - OPINION AND ORDER

conduct.

In summary, the Court denies Defendant's Motion for Summary Judgment as to Plaintiff's state-law claims for interference because Plaintiff has presented sufficient evidence to show that genuine issues of material fact exist as to Plaintiff's claims of intentional interference (Claims Two, Three, and Four).

Although the Court denies Defendant's Motion as to these three claims, the Court concludes these claims are, in fact, a single intentional interference claim. The Court, therefore, directs Plaintiff to consolidate Claims Two, Three, and Four into a single claim when the parties present their proposed Pretrial Order.

## II.  <u>Intentional Infliction of Emotional Distress (Claim Five)</u>

To establish a claim for intentional infliction of emotional distress under Oregon law, the plaintiff must establish the following:

> 1) the defendant intended to inflict severe emotional distress on the plaintiff;
> 2) defendant's acts were the cause of plaintiff's severe emotional distress; and
> 3) defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

*Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1223 (9th Cir. 1999). "Whether conduct constitutes an extraordinary transgression of the bounds of socially tolerable conduct is a question of law." *Harris v. Pameco Corp.*, 170 Or. App. 164, 171 (2000).

13 - OPINION AND ORDER

> The inquiry is whether defendant's conduct
> constitutes extraordinary conduct which a
> reasonable jury could find beyond the
> farthest reaches of socially tolerable
> behavior.  Conduct that is merely rude,
> boorish, tyrannical, churlish and mean does
> not satisfy that standard[.]  A court may
> consider the existence of special
> relationships between the parties in
> determining the issue.  An employee and
> employer relationship is such a relationship.

*MacCrone v. Edwards Ctr., Inc.*, 160 Or. App. 91, 100 (1999)

(internal quotations and citations omitted).

Here Plaintiff has failed to provide any evidence of the third element:  namely, that Defendant's acts "constituted an extraordinary transgression of the bounds of socially tolerable conduct."  Plaintiff's allegations that Defendant restricted Plaintiff's access to the Department by requiring him to schedule his visits ahead of time and Defendant's contact with Plaintiff's employer, EMS's client, and DEQ are not the type of actions society deems to be "beyond the farthest reaches of socially tolerable behavior."

Based on this record, therefore, the Court concludes a reasonable trier of fact could not find Defendant acted in a way that constituted an extraordinary transgression of the bounds of socially tolerable conduct.  Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's claim for intentional infliction of emotional distress (Claim Five).

### III. **Slander *Per Se* (Claim Six)**

Plaintiff alleges Defendant slandered him when Defendant's employees made false statements to EMS regarding Plaintiff's competency and his behavior at the Department.

To state a claim for slander, Plaintiff must allege facts sufficient to establish that Defendant published to a third person a false and defamatory statement about Plaintiff. *See Wallulis v. Dymowski*, 323 Or. 337, 342-43 (1996). "A defamatory statement is one that would" (1) "subject another to hatred, contempt or ridicule"; (2) "tend to diminish the esteem, respect, good will or confidence in which [another] is held"; or (3) "excite adverse, derogatory or unpleasant feelings or opinions" against another. *Marleau v. Truck Ins. Exch.*, 333 Or. 82, 94 (2001). "Spoken words are actionable *per se* in Oregon only if they are words tending to injure the plaintiff in his profession or business . . . ." *Id.* at 95. In slander *per se*, special damages do not have to be alleged. *Id.* at 94.

Plaintiff contends he has established slander *per se* by providing evidence that Defendant contacted EMS, Plaintiff's employer, to comment about Plaintiff's incompetency. Plaintiff only presents evidence, however, that Defendant contacted EMS to inquire about a discrepancy after Plaintiff submitted septic-tank applications to Defendant or to request further information. Plaintiff contends Defendant should have contacted Plaintiff

15 - OPINION AND ORDER

directly instead of contacting EMS, and, because of Defendant's actions, EMS questioned Plaintiff's competency.  Although Plaintiff does not allege Defendant's statements to EMS concerning Plaintiff were false, Plaintiff does allege that statements by Defendant's employees concerning Plaintiff's inappropriate behavior at the Department were false.  Plaintiff, nevertheless, fails to provide any evidence to establish the falsity of the employee statements.  Instead Plaintiff relies on statements made by other individuals who attest to Plaintiff's general good behavior at the Department.  These general statements, however, do not refute the truth of Defendant's employee statements because they are not specific as to time and circumstances.  Thus, Plaintiff has not offered any evidence that Defendant's employee statements were false or that Defendant wrongfully relied on these statements when it issued its December 30, 2004, letter restricting Plaintiff's access to the Department.

On this record, therefore, the Court concludes Plaintiff has not presented sufficient evidence to support his claim that Defendant, through its employees, made false statements about Plaintiff.  Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's slander *per se* claim.

16 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (#24) as to Plaintiff's Claims Five and Six; **DENIES** Defendant's Motion as to Plaintiff's Claims Two, Three, and Four; and, on its own motion, directs Plaintiff to consolidate Claims Two, Three, and Four into a single claim when the parties present their proposed Pretrial Order to the Court.

IT IS SO ORDERED.

DATED this 16th day of August, 2006.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER