IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WESLEY GREENWOOD,**                                          05-CV-58-BR

        Plaintiff,                              OPINION AND ORDER

v.

**TILLAMOOK COUNTY,**

        Defendant.


**DANIEL W. DICKERSON**
**MATTHEW A. ARBAUGH**
Daniel W. Dickerson, P.C.
918 Oregon National Building
610 S.W. Alder
Portland, OR  97205
(503) 274-2924

        Attorneys for Plaintiff

**JAMES P. MARTIN**
**KARI A. FURNANZ**
Hoffman, Hart & Wagner, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, OR  97205
(503) 222-4499

        Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on that portion of Defendant's Motion for Summary Judgment (#24) against Plaintiff's First Claim in which Plaintiff alleges violation of his rights to equal protection under the Fourteenth Amendment of the United States Constitution.  Following oral argument on July 20, 2006, the parties submitted supplemental briefing.

For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment (#24) against Plaintiff's First Claim to the extent that Plaintiff alleges violation of his rights to equal protection under the Fourteenth Amendment.  The Court, however, **DENIES** Defendant's Motion against Plaintiff's First Claim to the extent that Plaintiff also asserts Defendant's conduct in restricting Plaintiff's access to Tillamook County services violated a First Amendment right to speak as he chooses in county buildings or was in retaliation for Plaintiff's exercise of his First Amendment right to access the courts by filing *Greenwood v. Tillamook County,* No. CV 04-773-BR (Greenwood I)(summary judgment granted to defendants and case dismissed on July 26, 2005).

## BACKGROUND

In its Opinion and Order issued August 16, 2006, the Court set forth the operative facts and applicable legal standards

2 - OPINION AND ORDER

pertinent to Defendant's Motion for Summary Judgment, and, therefore, the Court need not repeat them here.

In his First Claim, Plaintiff alleges Defendant repeatedly denied him "equal access" to Tillamook County services, including the permit application process for environmental planning, and subjected his permit applications to more procedures and rigorous review than required of other applicants. According to Plaintiff, this conduct violated his "rights to access governmental services as guaranteed by the Equal Protection Clause of the 14th Amendment to the United States Constitution." Although Plaintiff does not explicitly cite 42 U.S.C. § 1983 in his Complaint, the Court assumes Plaintiff seeks to redress the alleged violation of his federal constitutional rights under § 1983.

Defendant originally sought summary judgment against Plaintiff's First Claim on the basis that Plaintiff did not have any evidence to establish a "'class of one' equal protection claim." In particular, Defendant argued Plaintiff could not show he was treated differently than others similarly situated because, according to Defendant, there were not any such similarly situated people who behaved as Plaintiff did. In addition, Defendant contended there was a rational basis to support its decision to impose allegedly modest limitations on Plaintiff's access to Tillamook County offices, and, therefore,

Plaintiff could not show any constitutional violation.

In his Response, Plaintiff argued there were material issues of disputed fact as to whether he was treated differently than others similarly situated, and, therefore, there also were issues as to whether there was any rational basis for such unequal treatment.

At oral argument, the Court inquired whether Plaintiff's § 1983 claim based on limited access to government services should be analyzed under First Amendment standards rather than under the Fourteenth Amendment because when "a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994)(plurality opinion)(quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).  At oral argument, Plaintiff also suggested Defendant's decision to treat him differently was in retaliation for Plaintiff's exercise of his right to access the courts in *Greenwood* I and, therefore, constituted a violation of Plaintiff's First Amendment rights to access the courts.

Because the scope of Plaintiff's § 1983 claim and the bases for Defendant's Motion against that claim were unclear at the close of oral argument, the Court requested the parties to submit

4 - OPINION AND ORDER

supplemental briefs concerning any First Amendment issues implicated in the analysis of Plaintiff's § 1983 claim.  In its supplemental brief, Defendant asserted it was entitled to summary judgment even if Plaintiff's claim was analyzed under the First Amendment because Defendant placed reasonable restrictions on Plaintiff's access to a nonpublic forum and because there is not any evidence that Defendant placed such restrictions in retaliation for any political speech by Plaintiff.  On the other hand, Plaintiff argued in his supplemental brief that the Tillamook County Courthouse is a public forum; there was not any compelling governmental interest that justified restricting his speech; and, in any event, the restrictions Defendant placed on Plaintiff's speech were neither reasonable nor "viewpoint neutral."  Plaintiff also asserted there are issues of fact precluding summary judgment as to whether Defendant restricted Plaintiff's access to Tillamook County services in retaliation for filing *Greenwood* I.

## DISCUSSION

**I.  Defendant is entitled to summary judgment to the extent Plaintiff seeks recovery in his First Claim for an "equal protection" violation under the Fourteenth Amendment when the gravamen of his First Claim arises under the First Amendment.**

The elements of a § 1983 claim are "(1) the action occurred 'under color of state law' and (2) the action resulted in the

5 - OPINION AND ORDER

deprivation of a constitutional right or federal statutory right." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535, (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, (1986)). Thus, to resolve whether Defendant is entitled to summary judgment against Plaintiff's First Claim, the Court must determine the constitutional right that is at issue and, accordingly, the standards that apply.  As noted, when "a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'"  *Albright v. Oliver*, 510 U.S. at 273.

Although the Court has not found any decision that explicitly holds this principle also applies when a plaintiff invokes the generalized protections of the Equal Protection Clause of the Fourteenth Amendment to redress complaints that are limited to issues of speech and access to public services, the Court concludes this rationale applies in the context of this case.  Accordingly, on the basis that the First Amendment provides a more explicit constitutional source for the speech and access rights at issue, the Court holds Defendant is entitled to

6 - OPINION AND ORDER

summary judgment to the extent that Plaintiff seeks in his First Claim to redress an alleged equal-protection violation. Accordingly, the Court need not address Defendant's other arguments in support of summary judgment against Plaintiff's claims framed under the Fourteenth Amendment.

II. **Issues of fact preclude summary judgment to the extent that Plaintiff seeks recovery in his First Claim for violation of his alleged First Amendment rights to speak as he chooses in Tillamook County buildings or to be free from restrictions imposed in retaliation for exercising a protected right.**

   A.   Reasonable Restrictions in a Nonpublic Forum

   In its Supplemental Memorandum, Defendant argues it is entitled to summary judgment on the ground that it lawfully restricted Plaintiff's access to Tillamook County services because the "restrictions" imposed were reasonable as to Plaintiff's access to a nonpublic forum.  Defendant relies on *Sammartano v. First Judicial Dist. Ct. in and for County of Carson City*, 303 F.3d 959, 965 (9th Cir. 2002).  In his Supplemental Memorandum, however, Plaintiff also relies on *Sammartano* and argues the Tillamook County Courthouse is, in the context of this case, a public forum and, in any event, the restrictions Defendant imposed were not reasonable.

   The Court concludes the summary-judgment record as a whole is not sufficiently developed for the Court to determine

7 - OPINION AND ORDER

whether the "forum" at issue is public.  Thus, the Court is not yet able to determine the standard that applies in evaluating whether Defendant is entitled to summary judgment that its conduct was lawful.  Moreover, even if Defendant prevails in establishing the forum at issue is nonpublic, there are jury questions as to the reasonableness of Defendant's conduct when the record is viewed in the light most favorable to Plaintiff.  Thus, Defendant has not established at this stage that it is entitled to summary judgment as to this aspect of Plaintiff's First Claim.

    **B.    Retaliation for exercising a protected right**

    In his Supplemental Memorandum, Plaintiff argues Defendant restricted Plaintiff's access to Tillamook County services in retaliation for his exercise of his First Amendment right to access the courts in *Greenwood* I.  Although Defendant denies it had such a motive when it directed Plaintiff to access Tillamook County services by appointment and imposed other restrictions, the Court already has determined there are issues of material fact concerning Defendant's motive.  That conclusion also precludes summary judgment in this context.

    Accordingly, the Court denies Defendant's Motion to the extent that Plaintiff alleges Defendant's conduct in restricting Plaintiff's access to Tillamook County services violated his alleged First Amendment right to speak as he chooses in county

8 - OPINION AND ORDER

buildings or to be free from restrictions imposed in retaliation for exercising a protected right.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (#24) against Plaintiff's First Claim to the extent Plaintiff alleges violation of his rights to equal protection under the Fourteenth Amendment.  The Court, however, **DENIES** Defendant's Motion against Plaintiff's First Claim to the extent Plaintiff also asserts Defendant's conduct in restricting Plaintiff's access to Tillamook County services violated a First Amendment right to speak as he chooses in county buildings or was in retaliation for Plaintiff's exercise of his First Amendment right to access the courts in *Greenwood* I.

Because there remain ambiguities about the nature of Plaintiff's First Claim, the Court directs Plaintiff to articulate with particularity the constitutional bases of that Claim under the First Amendment when the parties prepare their proposed Pretrial Order.  The Court will schedule a Rule 16 Conference with counsel to set the deadline for the filing of a proposed Pretrial Order and to consider whether any additional

9 - OPINION AND ORDER

dispositive-motion practice is warranted as to Plaintiff's First Claim.

    IT IS SO ORDERED.

    DATED this 30th day of August, 2006.

    /s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER